William J. FOX, ESQUIRE
Law Offices Of William J. Fox, P.C.
Attorney for Plaintiff
1626 Pine Street
Philadelphia, PA 19103
(215) 546-2477

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
RAHEEM JACOBS,                          :
                                        :
        Plaintiff                       :
                                        :
    v.                                  :   CIVIL ACTION
                                        :   NO. 16-1523 (JHR/AMD)
CUMBERLAND COUNTY, WARDEN               :
ROBERT BALICKI and,                     :
                                        :
C/O MICHAEL WILLIAMS                    :
and,                                    :
                                        :
C/O NEIL ARMSTRONG                      :
and,                                    :
                                        :
C/O MICHAEL ANDERSON                    :
and,                                    :
                                        :
C/O EMANUAL MORRERO                     :
and,                                    :
                                        :
C/O MANUAL VELESQUEZ                    :
                                        :
        Defendants                      :
_____     :

AMENDED COMPLAINT

JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 42 U.S.C.§ 1983.  This Court has

1

jurisdiction over Plaintiff's federal civil rights claims pursuant to 28 U.S.C. § 1331 and § 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

2. Plaintiff, Raheem Jacobs, is an inmate currently incarcerated in the South Woods State Prison. At all times relevant to the allegations of this Complaint, Plaintiff was incarcerated in the Cumberland County Jail.

3. Defendant, Cumberland County, is a county of the State of New Jersey and owns, manages, directs and controls the Cumberland County Department of Corrections and/or the Cumberland County Jail.

4. At all times relevant to the allegations of this Complaint, Defendant, Robert Balicki, acting in the course of his employment and/or under color of state law, served as the Warden of the Cumberland County Jail and possessed supervisory authority over its correctional officers, including Defendants John Doe Corrections Offices 1-6. Defendant Balicki is sued in his individual capacity.

5. Defendant, C/O Michael Williams, is a corrections officer of the Cumberland County Jail. At all times relevant to the allegations of this Complaint, Defendant Williams was acting in the course of his employment and/or under color of state law. Defendant Williams is sued in his individual capacity.

6. Defendant, C/O Neil Armstrong, is a corrections officer of the Cumberland County Jail. At all times relevant to the allegations of this Complaint, Defendant Armstrong was acting in the course of his employment and/or under color of state law. Defendant Armstrong is sued in his individual capacity.

7. Defendant, C/O Michael Anderson, is a corrections officer of the Cumberland County Jail. At all times relevant to the allegations of this Complaint, Defendant Anderson was acting in the course of his employment and/or under color of state law. Defendant Anderson is sued in his individual capacity.

8. Defendant, C/O Emmanuel Morrero, is a corrections officer of the Cumberland County Jail. At all times relevant to the allegations of this Complaint, Defendant Morrero was acting in the course of his employment and/or under color of state law. Defendant Morrero is sued in his individual capacity.

9. Defendant, C/O Sergeant Manuel Velasquez, is a corrections officer of the Cumberland County Jail. At all times relevant to the allegations of this Complaint, Defendant Velasquez was acting in the course of his employment and/or under color of state law. Defendant Velasquez is sued in his individual capacity.

## FACTS

10. On February 25, 2015, a physical altercation occurred between Plaintiff and another inmate in the Cumberland County Jail dormitory where Plaintiff was housed.

11. Corrections Officers removed the other inmate from the dormitory. Plaintiff then went to take a shower.

12. While Plaintiff was showering, Defendants Williams, Armstrong, Anderson, Morrero and Velasquez entered the dormitory.

13. Curiously, and for no apparent reason, upon entering the dormitory, Defendant Williams began to sift through and search Plaintiff's clothing, papers and personal effects lying on his bed.

14. As Plaintiff exited the shower, he was directed to accompany Defendants Williams, Armstrong, Anderson , Morrero and Velasquez and leave the dormitory. Plaintiff agreed to do so.

15. Plaintiff approached his dormitory bed, quickly dressed in his prison uniform, provided another inmate with a previously prepared written list of the names and telephone numbers of important contacts, and attempted to gather his personal papers and effects, which had been scattered by one of the Defendants.

16. Defendants Williams, Armstrong, Anderson , Morrero and Velasquez had agreed to target Plaintiff for unwarranted violence. To this end, as Plaintiff attempted to gather his personal papers and effects, Defendant Velasquez moved to stand guard by the dormitory entrance so as to prevent any other agent, servant or employee of the Cumberland County Jail from witnessing the physical assault of Plaintiff's person. At the same time, Defendants Williams, Armstrong and Anderson moved toward Plaintiff.

17. Plaintiff, was then secured by one Defendant while two other Defendants began to attack him by punching him in the face, neck and other parts of his body.

18. Defendants forcefully threw Plaintiff to the ground and continued to batter him in the face and other parts of his body.

19. At all times relevant, Defendants actions were not warranted, were done with the sole intention to inflict pain and punishment upon Plaintiff for no valid reason.

20. As a result of the battery, Plaintiff temporarily lost consciousness. Nonetheless, one Defendant stood on Plaintiff's back while other Defendants pummeled and kneed Plaintiff's body.

21. The actions of the Defendants who assaulted and battered Plaintiff were observed by and/or occurred in the presence of the two other Defendants, who knew that the force used by the other Defendants was excessive and unreasonable. At no time did the other two Defendants intervene to prevent the use of excessive force against Plaintiff's person - despite having a reasonable opportunity to do so.

22. Plaintiff was handcuffed and hoisted up and shoved out of the dormitory.

23. Plaintiff was led to an elevator with two sets of doors opposite each other, at which time Defendants John Doe Corrections Officer 6 joined Defendants Williams, Armstrong, Anderson, Morrero and Velasquez. When a set of these elevator doors opened to the floor, Plaintiff was slammed face first into the opposite set of doors and further punched, struck and/or kicked by Defendants Williams, Armstrong, Anderson, Morrero and Velasquez and Defendant John Doe 6.

24. Upon the conclusion of this violence, Plaintiff exited the elevator with Defendants Williams, Armstrong, Anderson, Morrero and Velasquez and John Doe Corrections Officer 6, who led Plaintiff to a chair. Plaintiff requested to be taken to the medical unit.

25. At no time did Plaintiff pose any threat to any Defendant or to the safety of any other inmates.

26. The use of force on Plaintiff's person was not rationally related to a legitimate non-punitive governmental purpose.

27. The used of force on Plaintiff's person was applied maliciously and sadistically to cause harm and was not done in a good faith effort to maintain or restore discipline within the Cumberland County Jail.

28. Thus, the use of force on Plaintiff's person was excessive and unreasonable under the circumstances.

29. As a result of the assault of his person, as outlined above, Plaintiff has sustained significant physical and/or bodily injuries ,as well as severe emotional distress.

## COUNT I
### Violation of Federal Civil Rights
### Defendants Williams, Armstrong, Anderson , Morrero, Velasquez & John Doe 6

30. Plaintiff hereby incorporates by reference paragraphs 1 through 29 of this Amended Complaint as though same were fully set forth at length herein.

31. The aforesaid actions of Defendants constitute the use of excessive force against Plaintiff's person, in violation of his rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

32. The aforesaid actions of Defendants constitute the use of excessive force against Plaintiff's person, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

33. The Defendants who failed to intervene and stop the excessive force of the other Defendants are liable for the use of excessive force under the theory of Bystander Liability despite having a reasonable opportunity to do so.

## COUNT II
### Conspiracy to Violate Federal Civil Rights
### Defendants Williams, Armstrong, Anderson , Morrero, Velasquez & John Doe 6

34. Plaintiff hereby incorporates by reference paragraphs 1 through 34 of this Amended Complaint as though same were fully set forth at length herein.

35. Defendants Williams, Armstrong, Anderson , Morrero ,Velasquez and John Doe No.

6 agreed and conspired to use excessive force against Plaintiff's person, in violation of his rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

36. Defendants Williams, Armstrong, Anderson , Morrero , Velasquez and John Doe No. 6 agreed and conspired to use excessive force against Plaintiff's person, in violation of the Eight Amendment's prohibition against cruel and unusual punishment.

## COUNT III
### Monell Claim As To Defendants, Cumberland County & Supervisory Liability Claim As to Robert Balicki

37. Plaintiff hereby incorporates by reference paragraphs 1 through 36 of this Amended Complaint as though same were fully set forth at length herein.

38. Defendants, Cumberland County and Warden Robert Balicki, have a non-delegable duty to train, supervise and discipline or sanction corrections officers of the Cumberland County Jail, and to institute policies, practices and customs, so as to ensure that no corrections officer uses excessive force on inmates.

39. Defendants, Cumberland county and Warden Robert Balicki, were on actual and/or constructive notice that corrections officers of the Cumberland County Jail were engaged in the practice or custom of administering or using excessive force on inmates.

40. Defendants, Cumberland County and Warden Robert Balicki, have a duty to train, supervise and discipline corrections officers of the Cumberland County Jail to refrain from the use of excessive force and fhe violation of inmates' constitutional rights amounts to a pattern, practice and/or policy of lax or no supervision and discipline of corrections officers when they engage in conduct that violates the constitutional rights of inmates to be free from the use of excessive force.

41. Defendants, Cumberland County and Warden Robewrt Balicki, have failed in their duty to supervise corrections officers, such as Defendants Williams, Armstrong, Anderson, Morrero, Velasquez and John Doe No. 6, to ensure that they do not use excessive forxce.

42. The pattern, practice or policy and failure to train and supervise, at minium, amounts to a deliberate indifference to the rights of persons such as Plaintiff.

43. The pattern, practice or policy and failure to train and supervise is likewise evidenced by Defendants' failure to discipline corrections officers who engage in inappropriate and unlawful activities with inmates. Specifically, Defendants, Cumberland County, and Warden Robert Balicki, have acquiesced in the misconduct of Defendants Williams, Armstrong, Anderson, Morrero, Velasquez and John Doe Corrections Officer 6 and other corrections officers that occurred prior to and since the events that form the basis of this civil action

44. Despite the clear constitutional prohibitions against the use of excessive force by state actors, no defendant that has engaged in such unconstitutional conduct toward Plaintiff or others similarly situated has been disciplined in any manner for the actions described herein. Nor have Defendants, Cumberland County and Warden Robert Balicki, taken any action to correct or modify the behavior of Defendants Williams, Armstrong, Anderson, Morrero, Velasquez and John Doe Corrections Officer No. 6.

45. Defendants, Cumberland County and Warden Robert Balicki, have had prior notice of similar incidents and violations of the constitutional rights of inmates to be free from the use of excessive force by corrections officers of the Cumberland County Jail, but have failed to take appropriate corrective action. The failure to take appropriate action to discipline corrections officers for such conduct condones, encourages and ratifies such unlawful behavior, and itself

constitutes evidence of a pattern, practice and policy of a deliberate disregard for the constitutional rights of Plaintiff and other inmates.

46. The injuries suffered by Plaintiff are the proximate result of the deliberate indifference of Defendants, Cumberland County and Warden Robert Balicki, to the protection of rights, privileges and immunities secured to Plaintiff under the Eighth and Fourteenth Amendments to the United States Constitution.

## COUNT IV
## VIOLATION OF NEW JERSEY STATE RIGHTS

47. Plaintiff hereby incorporates by reference paragraphs 1 through 46 of this Amended Complaint as though same were fully set forth at length herein.

48. This Court has supplemental jurisdiction to hear and adjudicate state law claims.

49. Defendants violated Plaintiff's civil rights under the New Jersey Constitution and New Jersey Civil Rights Act.

## COUNT V
## ASSAULT AND BATTERY
## DEFENDANTS JOHN DOE CORRECTIONS OFFICERS 1-6

50. Plaintiff hereby incorporates by reference paragraphs 1 through 49 of this Amended Complaint as though same were fully set forth at length herein.

51. The actions of Defendants Williams, Armstrong, Anderson , Morrero, Velasquez and John Doe Corrections Officer 6, as outlined above, were done with the intent to cause a harmful or offensive contact with Plaintiff's person, or an imminent apprehension of such a contact.

52. Defendants' aforesaid actions constitute assault and battery of Plaintiff.

**WHEREFORE,** Plaintiff seeks relief and judgment against the Defendants, including but

not limited to:

1. An award of compensatory damages and punitive damages based on the intentional and malicious acts of the Defendants, which are allowed by statutes pleaded herein or as permitted by common laws and rules;

2. An award of reasonable attorney's fees and all costs of suit and interest thereon;

3. An award of damages as allowed under 42 U.S.C. § 1983 and 42 U.S.C. § 1988;

4. Any other award and equitable relief allowed under statute or pursuant to the law of equitable and just power of this Court to which Plaintiff is entitled; and

5. Any prospective injunctive relief that the Court deems just and appropriate under the circumstances.

_____
WILLIAM J. FOX, ESQUIRE
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all causes of action herein.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates William J. Fox, Esquire as trial counsel in this matter.

_____
WILLIAM J. FOX, ESQUIRE
Attorney for Plaintiff