[D.I. 132]
[D.I. 133]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RAHEEM JACOBS,<br><br>             Plaintiff,<br><br>   v.<br><br>CUMBERLAND COUNTY, et al.,<br><br>             Defendants. | Civil No. 16-1523 (JHR/AMD) |

**ORDER**

      This matter comes before the Court by way of motion of Plaintiff Raheem Jacobs (hereinafter, "Plaintiff") for appointment of *pro bono* counsel, (*see* Motion for Order Appointing *Pro Bono* Counsel [D.I. 132]), and motion of Plaintiff's counsel Surinder K. Aggarwal (hereinafter, "Plaintiff's counsel") seeking to withdraw as counsel for Plaintiff pursuant to Local Civil Rule 102.1, (*see* Motion to Withdraw as Counsel for Plaintiff [D.I. 133]). The Court notes that no opposition has been filed and the time within which to file opposition has expired. The Court has considered the submissions and decides this matter pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth herein, Plaintiff's motion for appointment of *pro bono* counsel [D.I. 132]

is dismissed without prejudice, and Plaintiff's counsel's motion to withdraw [D.I. 133] is denied without prejudice.

The Court first notes that Plaintiff has submitted letters dated June 1, 2020, in which Plaintiff appears to advise the Court he is withdrawing the pending motion for *pro bono* counsel. (Letter [D.I. 134]; Letter [D.I. 135].) The Court is also in receipt of Plaintiff's letter, dated June 8, 2020, formally requesting to withdraw the pending motion for *pro bono* counsel. (*See* Letter [D.I. 137].) Consequently, the motion is dismissed without prejudice.

With respect to counsel's motion to withdraw, the Court notes that Local Civil Rule 102.1 provides that "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court," and that "[a]fter a case has been first set for trial, substitution and withdrawal shall not be permitted except by leave of Court." L. Civ. R. 102.1. Moreover, New Jersey Rule of Professional Conduct 1.16(b) provides:

> [e]xcept as stated in paragraph (c), a lawyer may withdraw from representing a client if: (1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (3) the client has used the lawyer's services to perpetrate a crime or fraud; (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; (5) the client fails

>  substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists.

R.P.C. 1.16(b).[1] "A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." RPC 1.16(c); see also *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996) (citing RPC 1.16(c)). When evaluating a motion to withdraw, the Court may consider: (a) "the reasons why withdrawal is sought; (b) the prejudice withdrawal may cause to other litigants; (c) the harm withdrawal might cause to the administration of justice; and (d) the degree to which withdrawal will delay the resolution of the case." *Rusinow*, 920 F. Supp. at 71; see also *Haines v. Liggett Group, Inc.*, 814 F. Supp. 414, 423 (D.N.J. 1993).

---

[1] As set forth in Local Civil Rule 103.1, the conduct of attorneys appearing in this District is governed by "[t]he Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court[.]" L. Civ. R. 103.1(a); see also *Egersheim v. Gaud,* No. 07-5116, 2011 WL 13238543, at *4 (D.N.J. Mar. 30, 2011) (noting that "the New Jersey Rules of Professional Conduct[], as adopted by the New Jersey Supreme Court, govern the conduct of attorneys admitted to practice before the bar of this Court").

In support of the present motion, Plaintiff's counsel asserts that "[o]n October 24, 2019, [he] received an updated letter from Plaintiff terminating [his] legal representation of [Plaintiff]." (Motion to Withdraw as Counsel for Plaintiff [D.I. 133], p. 2 at ¶ 4.) Plaintiff's counsel further asserts that "[o]n November 8, 2019, [he] received a telephone call from Plaintiff . . . indicat[ing] that he intended to obtain a new attorney. [Plaintiff's counsel] requested Plaintiff have his new attorney contact [him] immediately so that a Substitution of Attorney could be filed with the Court [and] also advised that . . . [he] was asserting an attorney lien on Plaintiff's file and Plaintiff should advise any new attorney of these liens." (*Id.* at ¶ 5.) However, Plaintiff's counsel asserts, "[s]ince that telephone call, no attorney has contacted [him] . . . [and] Plaintiff candidly admits that his inability to obtain private counsel is partly the reason why he now seeks the appointment of *Pro Bono* counsel." (*Id.* at ¶ 6.) Moreover, Plaintiff's counsel asserts that "[he] cannot elaborate further to the Court any other considerations underlying [his] request to withdraw as Plaintiff's attorney without violating the attorney-client privilege, of which [he is] not the holder. However, if absolutely necessary, [he] will provide more information to the Court, *in camera*." (*Id.* at ¶ 7.)

As set forth *supra*, by way of letter dated June 8, 2020, Plaintiff formally requested to withdraw the pending motion for

*pro bono* counsel. (*See* Letter [D.I. 137].) In Plaintiff's letter dated June 1, 2020, Plaintiff asserts that Plaintiff and Plaintiff's counsel were able to reconcile their differences. (*See* Letter, [D.I. 134].) In that same letter, which the Court has sealed, Plaintiff sets forth that he has waived any conflicts of interest that may arise from Plaintiff's counsel's continued representation of Plaintiff in the present action. (*Id.*) The Court notes that Defendant Michael Williams filed an appeal in this case on October 2, 2019, which was docketed on October 10, 2019. (*See* Notice of Appeal [D.I. 129], Oct. 2, 2019; Notice of Docketing of Appeal [D.I. 130], Oct. 10, 2019.) Accordingly, the Court finds that permitting withdrawal is not warranted at this time, and therefore, denies the motion for withdraw without prejudice. The Court notes that, to the extent counsel wishes to withdraw his representation of Plaintiff, counsel may renew his motion to withdraw once the pending appeal in this action has been decided. In any such motion, counsel shall address the *Rusinow* factors and may submit under seal an affidavit setting forth his most recent communications with Plaintiff concerning any such motion. Consequently, for the reasons set forth above and for good cause shown:

    IT IS on this **11th** day of **June 2020**,

**ORDERED** that Plaintiff's motion for appointment of *pro bono* counsel [D.I. 132] shall be, and is hereby, **DISMISSED WITHOUT PREJUDICE**; and it if further

**ORDERED** that Plaintiff's counsel's motion to withdraw as counsel for Plaintiff [D.I. 133] shall be, and is hereby, **DENIED WITHOUT PREJUDICE.**

                                                s/ Ann Marie Donio
                                                ANN MARIE DONIO
                                                UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Joseph H. Rodriguez